# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EJUICE EMPIRE, LLC, a California limited liability company; DADDY'S VAPOR DISTRO INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>10 DAYS, INC., a California corporation; Mohammed Shubyre Humkar, an individual; and DOES 1 through 15, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-00200 FLA<br><br>**[PROPSED] STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL**<br><br>*Assigned to Hon. Fernando L. Aenlle-Rocha* |
| 10 DAYS, INC., a California Corporation;<br><br>Counter-Complainant<br><br>v.<br><br>EJUICE EMPIRE, LLC, a California Limited Liability Company; DADDY'S VAPOR DISTRO, INC., a California Corporation; EDUARD KIRAKOSYAN, an individual;<br><br>Counter-Defendants. | |

SMRH:4857-7353-7032.3                          -1-

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT, in accordance with the Stipulation for Entry of Permanent Injunction and Order of Dismissal entered into and filed herewith Plaintiffs, EJUICE EMPIRE, LLC, DADDY'S VAPOR DISTRO, INC., and Counter-Defendant, EDUARD KIRAKOSYAN and Defendants/Counterclaimants 10 Days, Inc., and Mohammed Shubyre Humkar, through their respective counsel of record in this action, the Court HEREBY FINDS THAT:

1. On January 10, 2021, Plaintiffs filed the Complaint in this action, seeking damages and a permanent injunction enjoining Defendants from using the term "TWIST," or any confusingly similar marks on any products and/or in connection with the marketing, promotion, advertising, or sale of products. In their Complaint, Plaintiffs asserted that EJUICE EMPIRE, LLC, owns valid and incontestable trademarks (the "TWIST Marks") related to its "Twist" E-liquid tobacco product lines, including federal trademark registrations nos. 5,971,718; 6,152,028; 5,959,821; 5,959,818; 5,959,817; 5,959,816; and 5,959,815.

2. On February 25, 2021, Defendants filed an answer and counterclaims, seeking damages, injunctive relief, and other legal and equitable relief based on, among other things, Plaintiffs' alleged interference of Defendants' contractual relations and prospective economic relations. Defendants also denied that they have infringed on any of Plaintiffs' trademarks or otherwise committed any wrongdoing.

3. In order to avoid further costs of litigation, Plaintiffs and Defendants have agreed to settle this action, which settlement includes as a material and essential term, the entry by this Court of a Stipulated Permanent Injunction and Order of Dismissal in the action on the terms set forth below.

NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

A. Pursuant to Rule 65 of the Federal Rules of Civil Procedure,

Defendants 10 Days, Inc. and Mohammed Shubyre Humkar, and their officers, directors, subsidiaries, agents, employees, representatives, successors-in-interests, assigns, licensees, transferees, owners, and all persons in active concert or participation with Defendants or with any of the foregoing, (collectively, the "Enjoined Entities"), SHALL BE PERMANENTLY ENJOINED AND RESTRAINED as follows:

1. Within thirty (30) days of March 1, 2022, the Enjoined Entities shall cease and desist from manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, offering for sale or selling any good or service under any of the TWIST Marks, or any other mark, name, symbol, design or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that the Enjoined entities caused to enter the stream of commerce are sponsored, licensed, or endorsed by EJUICE EMPIRE, LLC, are authorized by EJUICE EMPIRE, or are connected or affiliated with EJUICE EMPIRE;

2. Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, exhibiting, offering for sale or selling any good or service under any of the TWIST Marks, or any other mark, name, symbol, design or logo that is confusingly similar to, or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the TWIST Marks;

3. Seeking to register any of the TWIST Marks or any other mark, name, symbol, design or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that the businesses, goods or services of Defendants are sponsored or endorsed or authorized by

EJUICE Empire or are connected or affiliated in some way with EJUICE Empire;

    4.    Knowingly assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in Paragraphs 1 to 4 above.

    B.    Within ten (10) days of the entry of this Judgment, Defendants shall provide written notice of the Judgment to all distributors, retailers, wholesalers, and other parties that it knows or has reason to believe are in possession of any item bearing marks the use of which by the Enjoined Entities is prohibited under paragraph A. Defendants shall inform these individuals or entities that, in accordance with this Permanent Injunction Order, the products bearing marks the use of which by the Enjoined Entities is prohibited under paragraph A. are not to be advertised, promoted, marketed, displayed, licensed, sold, rented, or otherwise distributed, either within the United States or outside the United States.

    C.    Plaintiffs' request for damages and declaratory judgment, Defendants' counterclaims against Plaintiff, and all other claims, counterclaims and defenses in this action, are hereby dismissed with prejudice and without costs to either Party, except the Court shall retain continuing jurisdiction for purposes of enforcing this Judgment and the settlement agreement between the Parties.

IT IS SO ORDERED.

Dated: _____, 2022      _____
                                          Hon. Judge Fernando L. Aenlle-Rocha
                                          United States District Judge